# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**MICHELLE ALLEN KEEL**  PLAINTIFF

V.  NO. 3:15CV00183-JMV

**NANCY A. BERRYHILL,**
*ACTING COMMISSIONER OF SOCIAL SECURITY*  DEFENDANT

## O R D E R

Michelle Allen Keel filed this civil action on October 27, 2015, to appeal the Commissioner's denial of disability benefits. On June 29, 2016, this court entered a final Judgment [13], reversing and remanding the case to the Social Security Administration (the "Agency") for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). After the court's reversal and remand, on December 4, 2017, and as amended on December 8, 2017, the Commissioner issued a fully favorable decision finding Plaintiff disabled. Now, counsel for Plaintiff returns with the instant Petition for Award of Attorney Fees Under Section 206(b) of the Social Security Act, 42 U.S.C. § 406(b) [18]. In response to the motion, the Acting Commissioner states she "declines to assert a position on the reasonableness of Plaintiff's petition for attorney fees under 42 U.S.C. § 406(b) because the Commissioner is not the true party in interest." Having fully considered the record and the applicable law, for the reasons set out below, the undersigned finds the motion is well taken.

Plaintiff was successful on remand in obtaining an award of past-due benefits in the amount of $90,256.00. By letter dated July 22, 2018, the Agency notified Plaintiff that it was withholding $22,564.00 from the award, representing 25% of past-due benefits, to pay her counsel. Ultimately, the July 22 letter stated that the remainder of the monies withheld, $16,564.00, would continue to be withheld in the event Plaintiff's counsel asked this court to approve a fee for work done before the court.

Fees under § 406 are limited to reasonableness and may be no more than twenty-five percent of past-due benefits. *See* 42 U.S.C. § 406. Fees under § 406(b) satisfy a client's obligation to her counsel and, accordingly, are paid out of the plaintiff's social security benefits. *See Orner v. Shalala,* 30 F.3d 1307, 1309 (10th Cir. 1994). A contingency fee agreement to pay twenty-five percent of any past-due benefits awarded may set the amount of the Section 406(b) award so long as the amount is reasonable under the facts of the case. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 807-08 (2002).[1] Ultimately, the combined fees under §§ 406(a) (administrative fees) and 406(b) (federal court fees) may not exceed twenty-five percent of past-due benefits. *Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir. 1970).

Here, Plaintiff's counsel requests authorization for a total award of $16,564.00 from monies withheld by the Agency from the claimant's past-due benefits. Counsel points out that the Agency has already paid her $6,000.00 (less an administrative fee of $93.00) for her work at the Agency level. Plaintiff and her counsel have written agreements that provide that should Plaintiff obtain a favorable decision from the Agency after proceedings before this

---

[1] However, in *Gisbrecht*, the Supreme Court also noted:

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.

*Id.* at 807-08, 122 S.Ct. at 1828, 152 L.Ed.2d 996 (internal citations and footnotes omitted).

court, her counsel is entitled to payment of up to 25% of the claimant's past-due benefits. While the Acting Commissioner points out that an award of $16,564.00 would result in an effective rate of $744.45 per hour for the 22.25 hours of work performed by counsel before this court, the undersigned, nevertheless, finds the amount requested by counsel does not offend the limit that may be awarded under § 406(b) and is reasonable under the circumstances.

Indeed, several factors weigh in favor of a finding that the fee is reasonable. First, counsel has presented contingency-fee agreements signed by Plaintiff, wherein Plaintiff has agreed to pay her attorney a fee of up to 25% of her past-due benefits. Second, counsel successfully argued this case before this court and on remand before the Agency. Third, the Fifth Circuit and district courts in this Circuit have acknowledged the high risk of loss inherent in Social Security appeals.[2] Fourth, Plaintiff's counsel has demonstrated she is an experienced Social Security attorney, and there are no indications of undue delay in the record on her part. Fifth, the § 406(a) and (b) fees ($6,000.00 and $16,564.00, respectively) combined will not consume more than twenty-five percent of the claimant's past-due benefits. Finally, the § 406(b) fees alone amount to only slightly over 18% of the claimant's past-due benefits.

**THEREFORE, IT IS ORDERED** that Plaintiff's petition for an award of attorney fees is **GRANTED**.

This, the 7th day of November, 2018.

/s/ Jane M. Virden
U.S. MAGISTRATE JUDGE

---

[2] *See Jeter v. Astrue*, 622 F.3d 371, 379 & n. 9 (5th Cir. 2010).